ERNESTO COLÓN LÓPEZ, Petitioner and Appellant, *v.* INSULAR POLICE COMMISSION, ETC., Respondent and Appellee.

No. 10460.   Argued December 3, 1951.—Decided December 12, 1951.

*Manuel García Cabrera* and *Luis F. Cuyar Gatell* for appellant. *Víctor Gutiérrez Franqui, Attorney General, José Antonio Arabía,* and *Edgar S. Belaval, Assistant Attorneys General,* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In a petition for mandamus filed by Ernesto Colón López on January 24, 1950, against the Insular Police Commission, it is substantially alleged that the petitioner worked for the Insular Police of Puerto Rico for eight years, the last two as a Fingerprint Expert; that on June 22, 1949, he received an official communication signed by the Assistant Chief and Aide of the Insular Police informing him that the Commission had decided to remove him from his position without being entitled to a pension "since your present illness was not contracted while in the discharge of your official duties

as a member of the Insular Police," and informing him likewise that his retirement from the force would be effective August 26, 1949; that the petitioner has never suffered from any disease rendering him unable to fulfill his duties as an employee of the Insular Police, nor was he examined by the Insular Police physician prior to his involuntary retirement; that on September 9, 1949, he went to the Police Commission asking for the details of the proceeding that culminated in his removal, and the Chairman of the Commission answered him on September 27, 1951, that his removal came after the petitioner was examined by Dr. Arnaldo Palmer López, the physician of the Insular Police Commission; that he was not heard by the Commission because such a step is not provided by law in proceedings of retirement for physical disability, and that his separation took place pursuant to the provisions of § 4 of Act No. 70 of 1931 (Sess. Laws, p. 434), as amended by Act No. 71 of 1942 (Sess. Laws, p. 602); that on October 7, 1949, the petitioner officially asked the Commission to reinstate him in his position as Fingerprint Expert of the Insular Police and requested that he be paid the salaries that he should have received from August 26, 1949, until his reinstatement in the aforesaid position; that on the 14th of the same month the Police Commission, through its Chairman, wrote to the petitioner officially denying his petition for reinstatement, and enclosing a copy of the report submitted to the Commission by its physician; that the petitioner appealed to the Governor of Puerto Rico on November 9, 1949, and on December 9 of that same year the latter affirmed the decision appealed from. The petitioner prays for a writ of mandamus addressed to the Chairman and Commissioners of the Insular Police Commission, ordering them to reinstate him to his position and likewise to pay him his salary from August 26, 1949.

The respondent moved for the dismissal of the petition for insufficiency and for lack of jurisdiction. The lower court concluded that "since there exists a special writ of

review established by law, it is obvious that mandamus does not lie," and since in its opinion the petition was not amendable, it rendered judgment dismissing the petition with costs.

Act No. 122 of May 15, 1936 (Sess. Laws, p. 952), created a Criminal Identification and Investigation Bureau under the authority of the Insular Police Commission and the supervision of the Chief of the Insular Police of Puerto Rico. Section 2 of Act No. 118 of May 1, 1940 (Sess. Laws, p. 722), amending said Act No. 122, recites that: "The personnel of said bureau shall comply with all the provisions of the Insular Police regulations and shall have the same duties, rights and prerogatives, and shall be entitled to the same consideration, as the members of the Insular Police Force of Puerto Rico, . . ." as well as that the personnel of said Bureau shall be composed, in all, of nine Fingerprint Experts, among others.[1]

Since pursuant to the cited Section the personnel of the Criminal Identification and Investigation Bureau, to which the petitioner belonged, shall have the same duties, rights, prerogatives and consideration as the members of the Insular Police Force, every provision of the Act we mention in the following paragraph in regard to the latter, is applicable to the former. Let us, therefore, examine now which are petitioner's rights, etc., insofar as the instant case is concerned.

■■ Section 1 of Act No. 150 of May 9, 1938 (Sess. Laws, p. 329), amended § 9 of "An Act to provide for the organization, regulation and government of the Insular Police of Porto Rico", approved March 12, 1908, insofar as pertinent here, to read as follows: "All discharges, removals, and demotions of sergeants, corporals, and guardsmen shall be made by the Insular Police Commission when, in its opinion, circumstances so justify, but the aggrieved persons may

---

[1] See subdivisions (d), (e), (f), (g), and (h) of § 2 of Act No. 118, *supra*.

appeal to the Governor from the decision rendered by the Insular Police Commission, who may reverse or sustain said decision; *Provided,* That the officers, noncommissioned officers, or guardsmen may institute certiorari proceedings against a decision confirmed by the Governor of Puerto Rico, in the district court for the judicial district in which the events on which the charges were based occurred. The term for the review of the decision is fixed at thirty days after the date on which the interested person is notified of the confirmation by the Governor of Puerto Rico. Reasons for honorable discharge shall be expiration of the term of enlistment or physical disability. . . ."

Said Section does not provide the term within which an aggrieved party may appeal to the Governor of Puerto Rico from the decision rendered by the Insular Police Commission. However, it does provide in a clear and definite way that in cases of this nature where a decision of the Police Commission is affirmed by the Governor of Puerto Rico the aggrieved party may institute "certiorari proceedings in the district court for the judicial district in which the events on which the charges were based occurred," and that "The term for the review of the decision is fixed at thirty days after the date on which the interested person is notified of the confirmation by the Governor of Puerto Rico."

The petitioner did not bring the said certiorari proceeding in the District Court of Puerto Rico within the term fixed by law. Far from doing so he let the aforesaid thirty-day period elapse—thereby apparently agreeing with the Governor's action—and it was after the expiration of said term that he resorted to the lower court with the writ of mandamus now under our consideration. That could not be done. The special Act dealing with this subject gave the petitioner a clear remedy, and he did not avail himself thereof. Mandamus is a highly privileged remedy [2] and, as

---

[2] See the Act to establish the writ of mandamus. Sections 649 *et seq.* of the Code of Civil Procedure of Puerto Rico, 1933 ed.

we said in *People et al. etc.,* v. *Arrillaga,* 30 P.R.R. 889, 898, its object "is not to substitute legal remedies, but to supply the lack of them." Cf. *Peña* v. *Torrech,* 67 P.R.R. 844, 847; *Puente* v. *District Court,* 61 P.R.R. 652; *Peña* v. *Flores,* 58 P.R.R. 773; and *Jiménez et al.* v. *The District Court,* 9 P.R.R. 267. To allow a person to whom, as here, a special Act grants the legal remedy of certiorari within a fixed period of time, to cross his arms, let the statutory period run, and once the term has expired, use the privileged and extraordinary remedy of mandamus, would be to thwart the proceedings and to allow said person to achieve indirectly what he could not or did not want to achieve by way of the proceedings established by the special Act on the subject. The purpose of the writ of mandamus sought by the petitioner was but to review the proceedings had by the Insular Police Commission and the decision of the Governor of Puerto Rico and endeavor to be definitely reinstated in the Force. For this purpose, the law granted him the special remedy of certiorari and since he did not avail himself thereof, mandamus does not lie.

The judgment appealed from will be affirmed.